Geoffrey Spellberg (SBN: 121079)
gspellberg@meyersnave.com
Kevin P. McLaughlin (SBN: 251477)
kmclaughlin@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, California 94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Plaintiffs
Michael McBride, Mario Valdez, Pedro Garcia,
Kenny Spencer, Robert Ryan

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MCBRIDE, MARIO VALDEZ, PEDRO GARCIA, KENNY SPENCER, ROBERT RYAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MYLAN, INC., and DOES 1 through 50 inclusive,<br><br>Defendants. | Case No. 13-CV-01533-VC<br><br>CLASS ACTION<br><br>AMENDED [~~PROPOSED~~] FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE<br><br>Date:        October 2, 2014<br>Time:       1:30 p.m.<br>Courtroom: 4, 17th Floor<br>              Judge Vince Chhabria |

2338022.1

13-CV-01533-VC

AMENDED [PROPOSED] FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND RELEASE

Plaintiffs Michael McBride, Mario Valdez, Pedro Garcia, Kenny Spencer, and Robert Ryan and Defendant Mylan, Inc. (collectively as "the Parties") have reached terms of settlement for a putative class action and collective action, as memorialized in the Joint Stipulation of Class Action Settlement and Release ("Settlement Agreement") fully executed by the Parties on February 27, 2014. The Settlement Agreement, together with the documents and exhibits incorporated therein, sets forth the terms and conditions for the proposed Settlement.

The Court, having considered whether to order final approval of the Settlement Agreement, having read and considered all of the papers and argument of the parties and their counsel, having granted preliminary approval on May 29, 2014, having directed that notice be given to all Class Members of preliminary approval of the Settlement and the final approval hearing and the right to be excluded from the Settlement and having received no objections and good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

1.  Terms used in this Judgment and Order of Final Approval have the meanings assigned to them in the Settlement Agreement.

2.  The Court hereby makes final the conditional class certification the Court granted on May 29, 2014, and thus makes final solely for purposes of settlement only, the certification of a class whose members consist of:

> All current and former employees of Mylan, Inc., Mylan Specialty L.P., and all affiliated parties and entities, who are or were employed by Mylan Specialty L.P. as FFS Technicians (including Senior FFS Technicians) and Clean Room Technicians in California at any time from March 7, 2009 through May 29, 2014.

This certification for settlement purposes shall not be construed as an admission by Mylan Entities or a determination as to the certifiability of any class if the merits of class certification had been litigated in the Action, or in any other action.

3.  The Court hereby finds that the Settlement Agreement, including the Maximum Settlement Amount, is fair, adequate and reasonable as to the Class, Plaintiffs and Defendant, and is the product of good faith, arms-length and informed negotiations between the parties, and will treat all Class Members fairly. Further, the Settlement is consistent with public policy, and fully complies with all applicable provisions of law. The Court makes this finding based on a weighing

of the strength of Plaintiffs' claims and Defendant's defenses with the risk, expense, complexity and duration of further litigation.  The Court also finds that the Settlement is the result of non-collusive arms-length negotiations between experienced counsel representing the interests of the Class and Defendant, after thorough factual and legal investigation.  In granting final approval of the Settlement Agreement, the Court considered the nature of the claims, the amounts paid in settlement, the allocation of settlement proceeds among the Class Members, and the fact that the Settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial.  Additionally, the Court finds that the terms of the Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual Class Member.

4. The Court hereby finds that the Class Notice, as mailed to all Class Members by June 27, 2014, fairly and adequately described the proposed Settlement Agreement, the manner in which Class Members could object to or participate in the Settlement, and the manner in which Class Members could opt out of the Settlement Class; was the best notice practicable under the circumstances; was valid, due and sufficient notice to all Class Members; and complied fully with the Federal Rules of Civil Procedure, due process, and all other applicable laws.  The Court further finds that a full and fair opportunity has been afforded to Class Members to participate in the proceedings convened to determine whether the proposed Settlement should be given final approval.  Accordingly, the Court hereby determines that all Class Members who did not file a timely and proper request to be excluded from the Settlement are bound by this Judgment and Order of Final Approval.  Any objections are overruled.

5. The Court further finds that the response of the Class to the Settlement supports final approval of the Settlement Agreement.  Thirty-five of the forty-eight Class Members responded to notice, and no Class Members objected to or opted-out of the settlement.  A large percentage of Class Members have submitted claims.  Accordingly, pursuant to Rule 23(e), the Court finds the terms of the Settlement are fair, reasonable and adequate to the Class and to each Class Member.  The Court also hereby finds that Plaintiffs have satisfied the standards and applicable requirements for final approval of this class action settlement under Rule 23, for the

reasons stated in the Motion for Final Approval. Accordingly, the Court hereby finally and unconditionally approves the Settlement and authorizes Defendant to pay the individual Settlement Payments from the Settlement Pool in accordance with the terms of the Settlement Agreement.

6. The Court approves the settlement of the Released Claims as defined in the Settlement Agreement. As of the Effective Date of the Settlement Agreement, as defined in the Settlement, all of the Released Claims of each Class Member who did not timely opt out, as well as the Class Representatives' Released Claims, are and shall be deemed to be conclusively released as against Mylan Releasees (as defined by the Settlement Agreement), except as to the FLSA claims of any Class Members who did not either submit a valid Claim Form or endorse a settlement check. As of the date of this Judgment and Order of Final Approval, all Class Members who did not timely opt out, except as to the FLSA claims of any Class Members who did not either submit a valid Claim Form or endorse a settlement check, are bound by the instant Judgment and Order of Final Approval and the Settlement Agreement. Except as to such rights or claims that may be created by the Settlement Agreement, all Class Members as of the date of this Judgment and Order of Final Approval who did not timely opt out are hereby forever barred and enjoined from commencing or prosecuting any of the Released Claims, either directly, representatively or in any other capacity, against any of the Mylan Releasees.

7. Meyers, Nave, Riback, Silver & Wilson is designated as Class Counsel. Class Counsel shall continue to oversee and perform the duties necessary to effectuate the settlement, including the distribution of attorneys' fees, the service payments and costs.

8. The Court orders the Parties to implement, and comply with, the terms of the Settlement Agreement.

9. The funds remaining after the class counsel's fees and costs and the Class Representative Service Payments (to be determined by separate motion) are subtracted from the Maximum Settlement Amount, shall then be distributed *pro rata* on a workweek basis for all Eligible Workweeks of Class members. The workweeks of Class Members who timely submitted a completed valid Claim Form, including a release of claims under the Fair Labor Standards Act,

1 | will be multiplied by five to determine the Eligible Weighted Workweeks. In accordance with the
2 | Settlement Agreement, a Claim Form is valid if it was submitted within 60 days after mailing the
3 | Class Notice by the Claims Administrator. The Class Members who did not submit a valid Claim
4 | Form will also receive a settlement payment. The workweeks of such Class Members will be
5 | multiplied by two to determine the Eligible Weighted Workweeks.

6 |     10. The Claim Forms submitted serves as each Qualified Claimant's written consent to
7 | become a party plaintiff pursuant to Section 216(b) of the Fair Labor Standards Act. The checks
8 | issued to Late Participating Claimants will include the following language reflecting that by
9 | endorsing the check, the individual is consenting to join the Action, electing to participate in the
10 | Settlement, and releasing claims: "By endorsing this check, I consent to join the Settlement Class
11 | in *McBride et al. v. Mylan Inc.*, elect to participate in the Settlement, and agree to release all of the
12 | Released Claims covered by the Settlement."

13 |     11. Within fifteen (15) business days after entry of this final order and judgment,
14 | Defendant shall pay the Maximum Settlement Amount of $225,000.00 into the Claims
15 | Administrator-established interest-bearing account at a federally insured banking institution.

16 |     12. Within thirty (30) business days of entry of this final order and judgment, the
17 | Claims Administrator shall issue Settlement Payments to Qualified Claimants in the form of a
18 | check.

19 |     13. Within thirty (30) business days of entry of this final order and judgment, the
20 | Claims Administrator shall also issue Settlement Payments to Late Participating Claimants in the
21 | form of a check.

22 |     14. Funds from undeposited checks will be held by the Claims Administrator. If the
23 | Settlement Class Member to whom the undeposited check is issued does not contact Class
24 | Counsel or the Claims Administrator concerning his or her settlement payment within one-
25 | hundred eighty (180) days of issuance, the Stipulation of Settlement, including its release, will be
26 | binding on that Settlement Class Member, except as to the FLSA claims of any Class Members
27 | who did not either submit a valid Claim Form or endorse a settlement check, and the amount of
28 | that Settlement Class Member's settlement payment shall be transmitted to the Controller of the

State of California, to be held and disposed of by the Controller in accordance with California's Unclaimed Property Law.

15. Within thirty (30) business days of entry of this final order and judgment, the Claims Administrator shall pay the Court-approved Attorneys' Fees and Costs to Class Counsel or a trust account designated by Class Counsel.

16. Within thirty (30) business days of entry of this final order and judgment, the Claims Administrator shall send a check by mail for the Court-approved Service Payments to the Class Representatives, care of Class Counsel.

17. Defendant shall have no further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, in connection with the above-captioned action except as provided in the Settlement Agreement.

18. Upon entry of this final order and judgment, the Class Representatives' Released Claims will be released with prejudice and the Released Claims in the Action will be dismissed with prejudice on a class-wide basis.

19. The Court recognizes that this settlement and judgment is the product of a negotiated compromise. Accordingly, the Court holds that neither the Settlement Agreement nor any of the terms set forth in the Settlement Agreement constitute an admission by the Defendant, or any of the other Mylan Releasees, of liability to the Plaintiffs or any Class Member; nor does this Judgment and Order of Final Approval constitute a finding by the Court of the validity of any of the claims alleged in the Action, or of any liability of Defendant or any of the other Mylan Releasees. Neither the making of nor entering into the Settlement constitutes an admission by the Mylan Releasees; nor is this Judgment and Order of Final Approval a finding of the validity of any claims in the Action or of any other wrongdoing. Further, the Settlement is not a concession and shall not be used as an admission of any wrongdoing, fault or omission of any entity or persons; nor may any action taken to carry out the terms of the Settlement be construed as an admission or concession by or against the Mylan Releasees. Evidence of the making or entering into the Settlement shall not be offered or received into evidence in any action or proceeding by or against any party hereto in any Court, or other tribunal for any purpose, other than to enforce the instant

1  Order of Final Approval, the instant Judgment, or the Settlement, or to support a defense by any
2  party of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar or reduction.

3       20.    The Court hereby grants final approval of the Settlement Agreement and, in
4  accordance with the terms of the Settlement, hereby enters judgment approving the terms of the
5  Settlement Agreement and ordering that the Action be dismissed in accordance with the
6  Settlement Agreement. The Action is dismissed on the merits with prejudice on a class-wide basis.
7  The Class Representatives' Released Claims, as set forth in the Settlement, are dismissed on the
8  merits with prejudice.

9       21.    Without affecting the finality of this Judgment and Order of Final Approval, the
10 Court retains exclusive and continuing jurisdiction over the Action, Plaintiffs, all Class Members
11 and Defendant for purposes of supervising, implementing, interpreting and enforcing this
12 Judgment and Order of Final Approval and the Settlement. Nothing in this Judgment and Order of
13 Final Approval precludes any action to enforce the Parties' obligations under the Settlement
14 Agreement or under this Judgment and Order of Final Approval.

15      22.    If the Settlement does not become final and effective in accordance with the terms
16 of the Settlement, this Judgment and Order of Final Approval and all orders entered in connection
17 herewith shall be vacated and shall have no further force or effect.

18      23.    The Court hereby finds, pursuant to Rules 54(a) and (b) of the Federal Rules of
19 Civil Procedure, that this Judgment should be entered and further finds that there is no just reason
20 for delay in the entry of this Judgment, as a Final Judgment, as to the Parties to the Settlement.
21 Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

**IT IS SO ORDERED.**

Dated: October 7, 2014

                              HON. VINCE CHHABRIA
                              U.S. DISTRICT JUDGE